**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAMON JAMASON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-55 |
| | ) | |
| v. | ) | Judge Walter H. Rice |
| | ) | |
| NAVISTAR INTERNATIONAL | ) | Removed from Court of Common Pleas of |
| | ) | Clark County, Ohio, Case No. 19-CV-0034 |
| Defendant. | ) | |

---

**STIPULATED PROTECTIVE ORDER**

---

The parties assert that certain documents and information at issue in this case or sought by the parties in discovery contain confidential or proprietary information and require protection against unrestricted disclosure and use. The parties to this action have agreed to enter into this Protective Order to provide each other with protection against unrestricted disclosure and use. Therefore, it is hereby ORDERED as follows:

1. CONFIDENTIAL documents, information, or testimony, for purposes of this Order, means any document, information, or testimony that has been designated by any party as CONFIDENTIAL or as part of the record regardless of whether said designation is made in sworn testimony, in documents produced in formal or informal discovery, at a hearing, trial, or in any documents submitted to the Court. CONFIDENTIAL documents may include, but are not necessarily limited to, confidential and proprietary business records, documents containing sensitive personal identifying information, or any document relating to a non-party employee of Defendant's.

2. All documents, information, or testimony designated as CONFIDENTIAL shall be produced during discovery provided that: (a) such documents, information, and testimony shall be used and disclosed only in trial, preparation for trial, or any appeal in this action, shall not be used for competitive or business purposes and shall not be used or disclosed by any party or person subject to this Order for, any other purposes whatsoever and (b) all such documents and information or copies or written or typed summaries thereof will remain at all times during the course of this action in the custody of the parties' counsel (unless filed with the Court as described in paragraph 7 of this Order) until returned pursuant to paragraph 6 of this Order.

3. Documents and information deemed by any party to be confidential under this Order shall have endorsed on the document and/or any copies provided to opposing counsel the word "CONFIDENTIAL." Testimony deemed to be confidential under this Order shall be so designated on the record and such testimony shall be separately recorded and maintained by the stenographic reporter subject to the other provisions of this Order. The failure to challenge the designation of CONFIDENTIAL at the time of its disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation any time thereafter. The failure to designate documents, information, or testimony as CONFIDENTIAL at the time of production or revelation shall not preclude later designation. From the time such post-production or post-revelation designation is made, it shall have the same effect as if each individual item designated on a post-production or post-revelation basis was in fact designated as set forth in this paragraph at the time of production or revelation. Notice of such post-production or post-revelation designation shall be given in writing to all parties to whom such documents, information, or testimony has previously been furnished.

4. Documents or the substance or contents of documents and information designated as CONFIDENTIAL as well as all notices and memoranda relating thereto, and information derived therefrom, shall be used and disclosed only in trial, preparation for trial, including but not limited to use during depositions, or any appeal in this action and only to the following persons:

(a) The parties and counsel for the parties;

(b) Experts or other individuals retained or otherwise engaged by either party for purposes of testifying in this action;

(c) Employees of counsel of record for the parties or associate or co-counsel of the parties or testifying experts who provide services of any kind for purposes of trial, preparation for trial, or appeal in this action;

(d) Judges and juries and stenographic reporters to the extent necessarily incident to trial, preparation for trial, or appeal.

The parties agree that disclosure to the persons described in (a)-(c) above is conditioned upon those persons being bound by the terms of this Order. The parties further agree that disclosure by counsel to any person described in (b) above is conditioned upon that person having executed the agreement attached as Exhibit A hereto and that counsel will file all agreements so executed with the Court upon the request of opposing counsel.

5. CONFIDENTIAL documents produced or certain testimony may also be designated as CONFIDENTIAL - ATTORNEY EYES ONLY, if such materials contain or constitute that party's trade secrets, marketing and competitive strategies, financial information

or other extremely sensitive confidential information or proprietary information. Such documents may be viewed only by counsel until such time as the parties agree or the Court orders otherwise. Further, counsel shall not communicate to anyone about such documents or testimony or reveal the contents of such documents or testimony except as provided in this Order. Any documents designated CONFIDENTIAL - ATTORNEY EYES ONLY may be challenged by a party through appropriate recourse with the Court.

6. Within thirty (30) days of the termination of this action, whether by judgment, final decision on appeal, or otherwise, any party that has received any documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY, shall return, through their counsel, to the party producing the documents, all copies of said documents that have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY or that are otherwise subject to the terms of this Order and will retain no such documents or copies thereof for any purposes.

7. All documents or parts thereof or testimony directly relating thereto that have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY and that are submitted to the Court prior to trial may be filed under seal with the Court. A party wishing to file a CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY document produced by the other party shall first contact the opposing party to determine whether that party requires said document(s) to be filed under seal. The party requesting that a document be filed under seal shall file a motion with the Court requesting that such documents may be filed under seal. If the Court approves such a motion, the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY document shall be contained in a sealed envelope or envelopes on

which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [*name of party*] in Case No. 3:19-cv-55 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court.

Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel.

8. If any party wishes to challenge another party's designation of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY and the parties cannot resolve the matter informally, the parties shall jointly bring the matter to the Court's attention. The party asserting confidentiality shall bear the burden of proof before the Court for supporting the asserted confidential status.

9. Any inadvertent production or disclosure of material subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity. Immediately upon notice of the disclosure, any privileged or work product material inadvertently disclosed shall be returned, and counsel for the receiving party shall refrain from any further discussion, disclosure, and sharing of the inadvertently disclosed material or the content thereof with the receiving party or anyone other than persons employed by or with counsel for the receiving party. The receiving party and/or counsel for the receiving party shall make no copies of the inadvertently disclosed material.

10. This Protective Order maybe modified by further order of the Court.

FOR GOOD CAUSE, IT IS SO ORDERED this 17th day of June, 2019.

[signature]

Agreed to by Counsel:

/s/ Matthew G. Bruce
(with consent)
Matthew G. Bruce
Evan McFarland
Spitz Law Firm LLC
8354 Princeton-Glendale Road, Ste. 101
West Chester, OH 45069
Telephone: (513) 883-1147
Facsimile: (216) 291-5744
E-Mail: matthew.bruce@spitzlawfirm.com
       evan.mcfarland@spitzlawfirm.com
*Attorneys for Plaintiff*

/s/ Douglas M. Oldham
Douglas M. Oldham
BARNES & THORNBURG LLP
41 South High Street, Ste. 3300
Columbus, OH 43215
Telephone: (614) 628-0096
Facsimile: (614) 628-1433
E-Mail: douglas.oldham@btlaw.com
*Attorney for Defendant*

# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DAMON JAMASON | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-55 |
| v. | ) | Judge Walter H. Rice |
| NAVISTAR INTERNATIONAL | ) | Removed from Court of Common Pleas of Clark County, Ohio, Case No. 19-CV-0034 |
| Defendant. | ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
EXHIBIT A**

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Stipulated Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "CONFIDENTIAL." I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case. I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.

I am voluntarily executing this Agreement.

_____

Sworn to before me and signed in my presence this _____ day of _____, 20__.

_____
Notary Public

My commission expires: _____

DMS 14633471v1

8